11-829
Gyulnazaryan v. Holder

BIA
A097 703 120

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of July, two thousand thirteen.

PRESENT:
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

AMAHITE GYULNAZARYAN,
> *Petitioner,*

v.                                        11-829
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Tatiana S. Aristova, Plainsboro, NJ.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Luis E. Perez,
                       Senior Litigation Counsel; Elizabeth
                       D. Kurlan, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Amahite Gyulnazaryan, a native and citizen of Armenia, seeks review of a January 31, 2011, decision of the BIA denying her motion to reconsider and reopen. *In re Amahite Gyulnazaryan*, No. A097 703 120 (B.I.A. Jan. 31, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (per curiam). Gyulnazaryan does not challenge the BIA's findings that: (1) as a motion to reopen, her motion was untimely and number-barred; and (2) as a motion to reconsider, her motion failed to specify a factual or legal error in its June 2010 denial of reopening on the ground that she was not *prima facie* eligible for adjustment of status because an immigrant visa was not immediately available to her. Therefore, Gyulnazaryan has waived any challenge to the BIA's dispositive findings that she did not satisfy the standards

2

for reopening or reconsideration.  *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008) (where petitioner fails to challenge dispositive agency findings, "any challenge to these findings is . . . waived.").

Gyulnazaryan argues principally that the BIA should have considered, on its own initiative, that a visa in her category, spouses of lawful permanent residents, was available for three months while her motion to reconsider and reopen was pending at the BIA, and thus that she was eligible for adjustment during this period even though the category retrogressed and she no longer had a visa immediately available to her by the time the BIA denied her motion in January 2011.  This claim is a challenge to the BIA's denial of *sua sponte* reopening pursuant to 8 C.F.R. § 1003.2(a), which is an "entirely discretionary" decision which we lack jurisdiction to review.  *See Ali*, 448 F.3d at 518.  Furthermore, as the government notes, this claim is unexhausted, as Gyulnazaryan did not raise it to the BIA either in her original motion to reconsider and reopen or in a supplemental filing after her visa category became current.  Therefore, we decline to consider this claim.  *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007).

3

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk